# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **511 INNOVATIONS, INC.,** § <br> §<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>**HTC AMERICA, INC.; HTC CORPORATION;** §<br>**CAPELLA MICROSYSTEMS, INC.; VISHAY** §<br>**CAPELLA MICROSYSTEMS (TAIWAN)** §<br>**LIMITED; and VISHAY INTERTECHNOLOGY,** §<br>**INC.,** §<br>§<br>*Defendants.* § | Civil Action No. 2:15-cv-1524 <br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW Plaintiff 511 Innovations, Inc. ("511 Innovations") and files this Original Complaint for Patent Infringement against Defendants HTC America, Inc. and HTC Corporation (collectively the "HTC Defendants") and Capella Microsystems, Inc., Vishay Capella Microsystems (Taiwan) Limited, and Vishay Intertechnology, Inc. (collectively the "Capella Defendants"), alleging as follows:

### I.  NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### II.  THE PARTIES

2. Plaintiff **511 Innovations, Inc.** is a Texas corporation that maintains its principal place of business in Marshall, Texas.

3. Defendant **HTC America, Inc.** is a Washington corporation that does business in Texas, directly or through intermediaries, and maintains its principal place of business in Bellevue, Washington.

4. Defendant **HTC Corporation** is a Taiwanese company that does business in Texas, directly or through intermediaries, and maintains its principal place of business in Taoyuan City, Taiwan.

5. Defendant **Capella Microsystems, Inc.** is a California corporation that does business in Texas, directly or through intermediaries, and maintains its principal place of business in Santa Clara, California.

6. Defendant **Vishay Capella Microsystems (Taiwan) Limited** is a Taiwanese company that does business in Texas, directly or through intermediaries, and maintains its principal place of business in New Taipei City, Taiwan.

7. Defendant **Vishay Intertechnology, Inc.** is a Delaware corporation that does business in Texas, directly or through intermediaries, and maintains its principal place of business in Malvern, Pennsylvania.

### III.  JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code.  Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has specific personal jurisdiction over all Defendants pursuant to due process and the Texas Long Arm Statute because each Defendant, directly or through intermediaries, has conducted and does conduct substantial business in this forum, such substantial business including but not limited to:  (i) at least a portion of the infringements

alleged herein; (ii) purposefully and voluntarily placing one or more infringing products or services into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

10. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) for the reasons set forth above. Furthermore, venue is proper because each Defendant, directly or through intermediaries, sells and offers to sell infringing products to persons in this District, as discussed below. Each of Defendants' infringing acts in this District gives rise to proper venue.

### IV. BACKGROUND

**A.     The Asserted Patents**

11. This cause of action asserts infringement of United States Patent Nos. 7,110,096 B2; 7,397,541 B2; 8,472,012 B2; and 8,786,844 B2 (collectively, the "Asserted Patents").

12. A true and correct copy of United States Patent No. 7,110,096 B2 (the "'096 Patent"), entitled "Method for Determining Optical Characteristics Through a Protective Barrier," is attached hereto as Exhibit A.

13. 511 Innovations is the current owner by assignment of all rights, title, and interest in and under the '096 Patent, which duly and legally issued on September 19, 2006, with Wayne D. Jung, Russell W. Jung, and Alan R. Laudermilk [sic] as the named inventors. 511 Innovations has standing to sue for infringement of the '096 Patent.

14. A true and correct copy of United States Patent No. 7,397,541 B2 (the "'541 Patent"), entitled "Apparatus and Method for Measuring Optical Characteristics of an Object," is attached hereto as Exhibit B.

15. 511 Innovations is the current owner by assignment of all rights, title, and interest in and under the '541 Patent, which duly and legally issued on July 8, 2008, with Wayne D. Jung, Russell W. Jung, and Alan R. Loudermilk as the named inventors. 511 Innovations has standing to sue for infringement of the '541 Patent.

16. A true and correct copy of United States Patent No. 8,472,012 B2 (the "'012 Patent"), entitled "Apparatus Having a First Optical Sensor Making a First Measurement to Detect Position and a Second Optical Sensor Making a Second Measurement," is attached hereto as Exhibit C.

17. 511 Innovations is the current owner by assignment of all rights, title, and interest in and under the '012 Patent, which duly and legally issued on June 25, 2013, with Wayne D. Jung, Russell W. Jung, and Alan R. Loudermilk as the named inventors. 511 Innovations has standing to sue for infringement of the '012 Patent.

18. A true and correct copy of United States Patent No. 8,786,844 B2 (the "'844 Patent"), entitled "Apparatus for Measuring Optical Characteristics Including Position Detection," is attached hereto as Exhibit D.

19. 511 Innovations is the current owner by assignment of all rights, title, and interest in and under the '844 Patent, which duly and legally issued on July 22, 2014, with Wayne D. Jung, Russell W. Jung, and Alan R. Loudermilk as the named inventors. 511 Innovations has standing to sue for infringement of the '844 Patent.

**B.     The HTC Defendants**

20.     The HTC Defendants, directly or through intermediaries, make, use, sell, or offer to sell within the United States, or import into the United States, mobile telephones, including but not limited to the HTC One X (the "HTC Accused Products").

21.     The HTC Defendants, directly or through intermediaries, purposefully and voluntarily place the HTC Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

22.     The HTC Accused Products are sold and offered for sale in this District.

**C.     The Capella Defendants**

23.     The HTC Accused Products incorporate light sensors, including but not limited to CM3628x sensors, that are made and/or sold, directly or through intermediaries, by the Capella Defendants (the "Capella Accused Products").

24.     By making and/or selling the Capella Accused Products for inclusion in the HTC Accused Products, the Capella Defendants, directly or through intermediaries, purposefully and voluntarily place the Capella Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

**D.     JJL and Spectral Sensors**

25.     From July 27, 2007, through September 12, 2013, JJL Technologies, LLC ("JJL") was the owner by assignment of the then-existing Asserted Patents and their families, including related then-pending applications.

26.     JJL acquired the Asserted Patents and their families from LJ Laboratories LLC, an entity that had been formed to protect inventions resulting from research conducted by or on behalf of JJL.

27. JJL was a pioneer in low-cost, handheld color measurement and optical sensing technologies and products. JJL conceived, developed, produced, and sold its own products, which included world market-leading spectrophotometers for measuring teeth, skin, and other materials.

28. JJL's inventions have resulted in over eighty patents throughout the world. These patents include systems and methods for measuring multiple optical properties and for detecting position through transparent barriers.

29. In 2013, JJL transferred its intellectual property, including the Asserted Patents and their families, to 511 Innovations, which in turn licensed that intellectual property to Spectral Sensors Inc. ("Spectral Sensors"), a Texas corporation having its principal place of business in Marshall, Texas, to continue research, development, and manufacturing of optical sensing products. Since that time, Spectral Sensors has conducted such activities in Marshall, Texas.

30. At all relevant times, JJL and Spectral Sensors have complied with the marking requirements set forth in 35 U.S.C. § 287.

## V.  CLAIMS – HTC DEFENDANTS

31. Based on the above-described services and products, 511 Innovations asserts several causes of action against the HTC Defendants. These causes of action are detailed as follows.

### A.  Infringement of the '096 Patent

32. The allegations of paragraphs 1-31 above are incorporated by reference as if fully set forth herein.

33. The HTC Accused Products are covered by at least claim 1 of the '096 Patent.

34.     The HTC Defendants have directly infringed and continue to infringe at least claim 1 of the '096 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the HTC Accused Products in the United States, or importing the HTC Accused Products into the United States.

35.     Further and in the alternative, at least since the filing and service of this Complaint, the HTC Defendants have been and now are actively inducing infringement of at least claim 1 of the '096 Patent in violation of 35 U.S.C. § 271(b).  The HTC Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the HTC Accused Products within the United States by supplying the HTC Accused Products to consumers within the United States and instructing such consumers how to use the HTC Accused Products, which the HTC Defendants know or should know infringe at least claim 1 of the '096 Patent.

36.     Further and in the alternative, at least since the filing and service of this Complaint, the HTC Defendants have been and now are actively contributing to infringement of at least claim 1 of the '096 Patent in violation of 35 U.S.C. § 271(c).  The HTC Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the HTC Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '096 Patent, knowing the HTC Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '096 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

**B.      Infringement of the '541 Patent**

37.     The allegations of paragraphs 1-36 above are incorporated by reference as if fully set forth herein.

38.     The HTC Accused Products are covered by at least claim 1 of the '541 Patent.

39.     The HTC Defendants have directly infringed and continue to infringe at least claim 1 of the '541 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the HTC Accused Products in the United States, or importing the HTC Accused Products into the United States.

40.     Further and in the alternative, at least since the filing and service of this Complaint, the HTC Defendants have been and now are actively inducing infringement of at least claim 1 of the '541 Patent in violation of 35 U.S.C. § 271(b).  The HTC Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the HTC Accused Products within the United States by supplying the HTC Accused Products to consumers within the United States and instructing such consumers how to use the HTC Accused Products, which the HTC Defendants know or should know infringe at least claim 1 of the '541 Patent.

41.     Further and in the alternative, at least since the filing and service of this Complaint, the HTC Defendants have been and now are actively contributing to infringement of at least claim 1 of the '541 Patent in violation of 35 U.S.C. § 271(c).  The HTC Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the HTC Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '541 Patent, knowing the HTC Accused

Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '541 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

### C. Infringement of the '012 Patent

42. The allegations of paragraphs 1-41 above are incorporated by reference as if fully set forth herein.

43. The HTC Accused Products are covered by at least claim 1 of the '012 Patent.

44. The HTC Defendants have directly infringed and continue to infringe at least claim 1 of the '012 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the HTC Accused Products in the United States, or importing the HTC Accused Products into the United States.

45. Further and in the alternative, at least since the filing and service of this Complaint, the HTC Defendants have been and now are actively inducing infringement of at least claim 1 of the '012 Patent in violation of 35 U.S.C. § 271(b). The HTC Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the HTC Accused Products within the United States by supplying the HTC Accused Products to consumers within the United States and instructing such consumers how to use the HTC Accused Products, which the HTC Defendants know or should know infringe at least claim 1 of the '012 Patent.

46. Further and in the alternative, at least since the filing and service of this Complaint, the HTC Defendants have been and now are actively contributing to infringement of at least claim 1 of the '012 Patent in violation of 35 U.S.C. § 271(c). The HTC Defendants'

contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the HTC Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '012 Patent, knowing the HTC Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '012 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

D.     **Infringement of the '844 Patent**

47.    The allegations of paragraphs 1-46 above are incorporated by reference as if fully set forth herein.

48.    The HTC Accused Products are covered by at least claim 1 of the '844 Patent.

49.    The HTC Defendants have directly infringed and continue to infringe at least claim 1 of the '844 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the HTC Accused Products in the United States, or importing the HTC Accused Products into the United States.

50.    Further and in the alternative, at least since the filing and service of this Complaint, the HTC Defendants have been and now are actively inducing infringement of at least claim 1 of the '844 Patent in violation of 35 U.S.C. § 271(b). The HTC Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the HTC Accused Products within the United States by supplying the HTC Accused Products to consumers within the United States and instructing such consumers how to use the HTC Accused Products, which the HTC Defendants know or should know infringe at least claim 1 of the '844 Patent.

51. Further and in the alternative, at least since the filing and service of this Complaint, the HTC Defendants have been and now are actively contributing to infringement of at least claim 1 of the '844 Patent in violation of 35 U.S.C. § 271(c). The HTC Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the HTC Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '844 Patent, knowing the HTC Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '844 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

## VI. CLAIMS – CAPELLA DEFENDANTS

52. Based on the above-described services and products, 511 Innovations asserts several causes of action against the Capella Defendants. These causes of action are detailed as follows.

**A.    Infringement of the '096 Patent**

53. The allegations of paragraphs 1-52 above are incorporated by reference as if fully set forth herein.

54. The Capella Accused Products constitute a material part of the invention recited in at least claim 1 of the '096 Patent.

55. At least since the filing and service of this Complaint, the Capella Defendants know the Capella Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '096 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

56. By making and/or selling the Capella Accused Products for inclusion in the HTC Accused Products, the Capella Defendants, directly or through intermediaries, have been and now are purposefully and voluntarily placing the Capella Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

57. For these reasons, the Capella Defendants are actively contributing to infringement of at least claim 1 of the '096 Patent in violation of 35 U.S.C. § 271(c).

**B.     Infringement of the '541 Patent**

58. The allegations of paragraphs 1-57 above are incorporated by reference as if fully set forth herein.

59. The Capella Accused Products constitute a material part of the invention recited in at least claim 1 of the '541 Patent.

60. At least since the filing and service of this Complaint, the Capella Defendants know the Capella Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '541 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

61. By making and/or selling the Capella Accused Products for inclusion in the HTC Accused Products, the Capella Defendants, directly or through intermediaries, have been and now are purposefully and voluntarily placing the Capella Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

62. For these reasons, the Capella Defendants are actively contributing to infringement of at least claim 1 of the '541 Patent in violation of 35 U.S.C. § 271(c).

**C.     Infringement of the '012 Patent**

63.     The allegations of paragraphs 1-62 above are incorporated by reference as if fully set forth herein.

64.     The Capella Accused Products constitute a material part of the invention recited in at least claim 1 of the '012 Patent.

65.     At least since the filing and service of this Complaint, the Capella Defendants know the Capella Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '012 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

66.     By making and/or selling the Capella Accused Products for inclusion in the HTC Accused Products, the Capella Defendants, directly or through intermediaries, have been and now are purposefully and voluntarily placing the Capella Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

67.     For these reasons, the Capella Defendants are actively contributing to infringement of at least claim 1 of the '012 Patent in violation of 35 U.S.C. § 271(c).

**D.     Infringement of the '844 Patent**

68.     The allegations of paragraphs 1-67 above are incorporated by reference as if fully set forth herein.

69.     The Capella Accused Products constitute a material part of the invention recited in at least claim 1 of the '844 Patent.

70.     At least since the filing and service of this Complaint, the Capella Defendants know the Capella Accused Products to be especially made or especially adapted for use in an

infringement of at least claim 1 of the '844 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

71. By making and/or selling the Capella Accused Products for inclusion in the HTC Accused Products, the Capella Defendants, directly or through intermediaries, have been and now are purposefully and voluntarily placing the Capella Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

72. For these reasons, the Capella Defendants are actively contributing to infringement of at least claim 1 of the '844 Patent in violation of 35 U.S.C. § 271(c).

## VII. VICARIOUS LIABILITY

73. The allegations of paragraphs 1-72 above are incorporated by reference as if fully set forth herein.

74. In addition to liability for its own independent conduct, each Defendant is also liable for the conduct of its subsidiaries, affiliates, and related entities under the doctrines of alter ego and single business enterprise, and under applicable state and federal statutes and regulations.

## VIII. NOTICE AND MARKING

75. The allegations of paragraphs 1-74 above are incorporated by reference as if fully set forth herein.

76. At all times, each and every patentee of the Asserted Patents, and each and every person making, offering for sale, or selling within the United States, or importing into the United States, any patented article for or under any of them, has complied with the marking requirements set forth in 35 U.S.C. § 287.

77. At least by filing and serving this Original Complaint for Patent Infringement, 511 Innovations has given each Defendant written notice of its infringement.

## IX. DAMAGES

78. The allegations of paragraphs 1-77 above are incorporated by reference as if fully set forth herein.

79. For the above-described infringement, 511 Innovations has been injured and seeks damages to adequately compensate it for each Defendant's infringement of the Asserted Patents. Such damages, to be proved at trial, should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284.

## X. PRAYER FOR RELIEF

511 Innovations respectfully requests the following relief:

a. A judgment in favor of 511 Innovations that each Defendant has infringed each of the Asserted Patents, whether literally or under the doctrine of equivalents, as described herein;

b. A permanent injunction enjoining each Defendant, its respective officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products and services embodying the inventions claimed in the Asserted Patents;

c. A judgment and order requiring each Defendant to pay 511 Innovations its damages, costs, expenses, and pre-judgment and post-judgment interest for each Defendant's infringement of the Asserted Patents as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed; and

  d.  Such other and further relief as the Court deems just and proper.

## XI.  JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), 511 Innovations requests a jury trial of all issues triable of right by a jury.

Dated:  September 14, 2015        Respectfully Submitted,

                    By:  /s/ William E. Davis, III
                    William E. Davis, III
                    Texas State Bar No. 24047416
                    bdavis@bdavisfirm.com
                    **The Davis Firm, PC**
                    213 N. Fredonia Street, Suite 230
                    Longview, Texas 75601
                    Telephone: (903) 230-9090
                    Facsimile: (903) 230-9661

                    *Counsel for Plaintiff 511 Innovations, Inc.*